UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

_____                CHAPTER 13 PLAN

In Re:   Hogan, Curtis and Lois                          Dated:  2/10/2015
                Debtors                                  Case No: _____

In a joint case, debtor means debtors in this plan.

_____

1. DEBTOR'S PAYMENTS TO TRUSTEE
a. As of the date of this plan, the debtor has paid the trustee $____.
b. After the date of this plan, the debtor will pay the trustee $302.00, per month for 36 months, beginning within 30 days after the order for relief for a total of $10,872.00 The minimum length is 36 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee _____.
d. The debtor will pay the trustee a total of $10,872.00 [line 1(a) + line 1(b) + line 1(c)].

2. PAYMENTS BY TRUSTEE – The trustee will pay from available funds only creditors for which proof of claims have been filed. The trustee may collect a fee of up to 10% of the plan payments, or $1087.20, [line 1(d) x .10).

3. ADEQUATE PROTECTION PAYMENTS [§1326(a)(1)(c)] – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | TOTAL PAYMENTS |
|---|---|---|---|
| a. _____ | $_____ | _____ | $_____ |
| b. _____ | $_____ | _____ | $_____ |
| c. TOTAL | | | $_____ |

4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§365] – The debtor assumes the following executory contracts and unexpired leases. Cure provisions, if any are set for in ¶7.

| Creditor | Description of Property |
|---|---|
| a. _____ | _____ |
| b. _____ | _____ |

5. CLAIMS NOT IN DEFAULT – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| a.  Ally Financial | 2013 Chevy Malibu |
| b. _____ | _____ |

6. HOME MORTGAGES IN DEFAULT [§1322(B)(5) and §1322 (E)] – The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor wil pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All the following entries are estimates.* The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month No. | No. of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Chase | $6,500.00 | $ 180.56 | 1 | 36 | $6,500.00 |
| b. _____ | $_____ | $_____ | _____ | _____ | $_____ |
| c. _____ | $_____ | $_____ | _____ | _____ | $_____ |
| d. TOTAL | | | | | $6,500.00 |

7. CLAIMS IN DEFAULT [§1322 (B)(3) and (5) and §1322(e)] – The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. ***All following entries are estimates, except for interest rate.***

| Creditor | Amount of Default | Interest Rate | Monthly Payment | Beginning in Month No. | No. of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. _____ | $_____ | _____ | $_____ | _____ | ___ | $_____ |
| b. _____ | $_____ | _____ | $_____ | _____ | ___ | $_____ |
| c. TOTAL | | | | | | $_____ |

8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§1325(A)(5)] – The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327, AND CONFIRMATION OF THE PLAN IS A DETIRMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amt. | Secured Amt. | Interest Rate | Begin. Mo. | Monthly Pymt. | x | No. of Pymts. | = Payments Of Claim | + Adequate Protection | = TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. _____ | $_____ | $_____ | _____ | ___ | $_____ | | _____ | $_____ | $_____ | $_____ |
| b. _____ | $_____ | $_____ | _____ | ___ | $_____ | | _____ | $_____ | $_____ | $_____ |
| c. _____ | $_____ | $_____ | _____ | ___ | $_____ | | _____ | $_____ | $_____ | $_____ |
| d. TOTAL | | | | | | | | | | $_____ |

9. PRIORITY CLAIMS – The trustee will pay in full all claims entitled to priority under §507, including the following. ***The amounts listed are estimates.*** The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month No. | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ 2000.00 | $ 100.00 | 3 | 20 | $2,000.00 |
| b. Domestic Support | $_____ | $_____ | _____ | _____ | $_____ |
| c. IRS | $_____ | $_____ | _____ | _____ | $_____ |
| d. MN Dept. of Rev. | $_____ | $_____ | _____ | _____ | $_____ |
| e. TOTAL | | | | | $2,000.00 |

10. SEPARATE CLASS OF UNSECURED CREDITORS – In addition to the class of unsecured creditors specified in ¶11, there shall be a separate class of nonpriority unsecured creditors described as follows: _____.
The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates.***

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning Month No. | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. _____ | _____ | $_____ | $_____ | _____ | _____ | $_____ |
| b. _____ | _____ | $_____ | $_____ | _____ | _____ | $_____ |
| c. TOTAL | | | | | | $_____ |

11. TIMELY FILED UNSECURED CREDITORS – The trustee will pay holders of non-priority unsecured claims for which proof of claims were timely filed the balance of all payments received by the trustee and not paid under ¶2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $1,284.80 [line 1(d) minus lines 2, 6(d), 7(c), 8(d), 9(e) and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶8 are $_____ .
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶8 and ¶10 are $17,279.00 .
c. Total estimated claims are $17,279.00  [line 11(a) + line 11(b)].

12. TARDY FILED UNSECURED CREDITORS – All money paid by the debtor to the trustee under ¶1, but not distributed by the trustee under ¶2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proof of claims were tardily filed.

13. OTHER PROVISIONS –

    A.  All property to the estate shall vest in the debtor upon confirmation of this plan.

    B.  Upon confirmation of this plan Chase Manhatten Mortgage shall resume issuing monthly billing statements to the debtors at the debtors' address as stated in the Petition. Said creditor shall timely and promptly apply all payments made by the debtor to the mortgage(s). Said creditor shall not adjust or change the interest rate, payment amount, payment frequency, escrow terms, insurance coverage or provisions concerning the payment of real estate taxes without prior approval by the Bankruptcy Court.

    C.  Upon confirmation of this plan Ally Financial shall resume issuing monthly billing statements to the debtor at the debtor's address as stated in the Petition. Title to the 2103 Chevy Malibu shall vest in the debtor after the secured claim has been paid in full with interest.

    D.  Debtor shall be entitled to the first $2,000.00 of each year's tax refunds, and any remaining balance shall be paid to the trustee. Any earned income credit and/or Minnesota working family credit shall be retained by the Debtor.

14. SUMMARY OF PAYMENTS

| | |
|---|---|
| Trustee's Fee [Line 2]..................................................... | $1,087.20 |
| Home Mortgage Defaults [Line 6(d)].................................. | $6,500.00 |
| Claims in Default [Line 7(c)]............................................ | $_____ |
| Other Secured Claims [Line 8(d)]...................................... | $_____ |
| Priority Claims [Line 9(e)]................................................ | $ 2,000.00 |
| Separate Class [Line 10(c)]............................................. | $_____ |
| Unsecured Creditors [Line 11].......................................... | $1284.80 |
| TOTAL [must equal Line 1(d)]............................................ | $10,872.00 |

Perry A. Berg #135999                    Signed  /e/  Curtis Hogan _____
Attorney for Debtor(s)                          Debtor
507-835-5240
PO Box 249
Waseca, MN 56093                         Signed  /e/  Lois Hogan _____
                                                Co-Debtor